JOSEPH TAUSSIG et al., Appellants, *v.* JULIUS HART,
Respondent.

Where a stock-broker, without authority, transfers to himself stock of a
customer in his hands for sale, in case the stock is subsequently sold at an
advance, the customer can charge him with any profits realized from the
transaction, or can treat him as having converted the stock to his own
use, and charge him with damages for the conversion; but the cus-
tomer cannot charge him with the price or value of the stock, either as
purchaser or as having converted it, and at the same time claim the
stock is undisposed of, and the account, for that reason, not closed.

(Argued April 22, 1872 ; decided April 30, 1872.)

APPEAL from judgment of the General Term of the Supe-
rior Court of the city of New York, affirming a judgment in
favor of the defendant entered upon the report of a referee.

The action was brought by plaintiffs, as brokers, upon an
account for advances and commissions. They had been
engaged in purchasing and selling stocks and gold for defend-
ant under an agreement that the latter was to keep ten per
cent margin in their hands and plaintiffs to advance the
remainder. Among other transactions plaintiffs bought for
defendant 100 shares Pacific mail stock, which stock they
subsequently transferred from defendant to themselves, report-
ing to him the existing market price, and crediting him
therefor.

The referee found that the transfer was of no force as a
valid sale, and defendant was entitled, as damages, to a credit
upon plaintiffs' account of its value, to wit, the market price
then existing; that no right of action had accrued, for the
reason that all the stocks purchased, in pursuance of the
contract, had not been sold, and that complaint should be dis-
missed with costs.

*Edward L. Andrews* for the appellants.

*Wilber Shaw* for the respondent. An agent to sell, cannot
himself become the purchaser. (*Cassard* v. *Hinman*, 6

Bosw., 8; *Bruce* v. *Davenport,* 36 Barb., 349; *Utica Ins. Co.* v. *Toledo Ins. Co.,* 17 id., 132; *Bredenbecker* v. *Lowell,* 32 id., 9; *Morrison* v. *The Ogdensburgh R. R. Co.,* 52 id., 173; *Conkey* v. *Bond,* 34 id., 276; *Conkey* v. *Bond,* 36 N. Y., 427; *N. Y. Central Ins. Co.* v. *The National Protection Ins. Co.,* 14 N. Y., 85.)

RAPALLO, J. The conclusion of the referee, that the defendant is entitled, as damages, to a credit upon the plaintiffs' account of the value of the 100 shares of Pacific mail stock, which the plaintiffs transferred to themselves on the 26th of February, at the then market price, as reported by them to the defendant, and the conclusion that the complaint should be dismissed as premature, for the reason that such shares have not been sold, cannot stand together. The defendant had the right to treat the sale of this stock by the plaintiffs to themselves as void, and to demand an actual sale of the stock, in which event he would incur the risk of any loss arising from its depreciation, and be entitled to the benefit of any rise, or he could elect to affirm the sale and hold the plaintiffs to the price which they had reported; but he could not do both. If the plaintiffs had, after taking the stock to their own account, sold it at an advance, the defendant could charge them with any profit realized by them from the transaction, or he might treat them as having converted the stock to their own use and charge them with damages for the conversion; but he cannot charge the plaintiffs with the price or value of the stock, either as purchasers or as having converted it, and at the same time claim that the stock is undisposed of, and the account for that reason not closed.

The referee having adjudged, the plaintiffs liable for the market value of the shares, as reported by them on the 26th of February, 1870, nothing remained to be done except to adjust the account between the parties on that basis. Neither the evidence nor the report disclose the state of this account. The case does not appear to contain all the evidence, but shows that the complaint was dismissed on the sole ground

that the action was prematurely brought. If the plaintiffs are held to have converted the 100 shares to their own use, they are chargeable with the damages for that conversion; but that does not preclude them from recovering whatever sums the defendant may owe them on the other transactions embraced in the account. The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.