RICHARD FIELDS, Respondent, *v.* JOHN B. BLAND, Impleaded, etc., Appellant.

An order of arrest was granted on affidavits showing that certain personal property belonging to plaintiff had been intrusted to defendant S., upon her agreement that she and the other defendant would sell it for the plaintiff and account to him for the proceeds, instead of which they had secreted and taken it away. On motion to vacate the order it appeared that after the property had gone into the possession of S., plaintiff accepted from her a confession of judgment; the statement upon which it was entered declared that the property was "sold and delivered" to her, and that for its value she was indebted to plaintiff. After the facts alleged to show conversion were known to plaintiff he issued an execution upon said judgment and collected a part thereof. Plaintiff in oppo-

sition alleged that the judgment was taken as security merely. *Held*, that the judgment was conclusive against plaintiff upon this question; that by accepting and enforcing it by execution he must be deemed to have made his election to treat the property as that of S. under a sale from him, and that he could not now change his ground; and that, therefore, a refusal to vacate the order was error.

(Argued April 20, 1880; decided June 1, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term denying a motion to vacate an order of arrest.

The facts are set forth sufficiently in the opinion.

*M. M. Budlong* for appellant. The judgment confessed showed a sale and delivery of the goods by the plaintiff to the defendant, Susan Bland, and the plaintiff is now estopped from alleging any title in himself. (*Dutchess of Kingston's case*, 11 State Trials, 261; *Wood* v. *Jackson*, 8 Wend. 38; *Gardner* v. *Buckbee*, 3 Cowen, 120; *Burt* v. *Sternburg*, 4 id. 559; *Calkins* v. *Allerson*, 3 Barb. 171; *Embury* v. *Conner*, 3 N. Y. 522; *Gates* v. *Preston*, 41 id. 114; *Stowell* v. *Chamberlain*, 60 id. 272; *French* v. *Shotwell*, 5 Johns. Ch. 555; also §§ 1273, 1276 of the Code of Civil Procedure.) Plaintiff having elected to treat the transaction as a "sale and delivery" of goods by taking a judgment, and issuing execution thereon, the right to any other inconsistent remedy which may have ever existed is forever gone. (*Morris* v. *Rexford*, 18 N. Y. 557; *Bank of Beloit* v. *Beale*, 34 id. 477; *Wright* v. *Ritterman*, 1 Abb. [N. S.] 430; *Nichols* v. *Mason*, 21 Wend. 339.)

*Abram Kling* for respondent. A confession of judgment, taken as collateral security by a party, is neither a payment nor satisfaction of his claim, and does not divest him of his title, and he can enforce his collaterals and original claim at the same time. (*Corn Exchange Ins. Co.* v. *Babcock*, 8 Abb. [N. S.] 256; *Butler* v. *Miller*, 1 Comst. 496; *Hill* v. *Beebe*, 13 N. Y. 563, 567; *Davis* v. *Fiedler*, 2 Hill, 339; *Claflin* v. *Ostrom*, 54 N. Y. 582; *Day* v. *Lord*, 14 Johns. 404; *Gamb-*

*ling* v. *Haight*, 59 N. Y. 354; *Taggett* v. *Jones*, 15 Wend. 155; *Banks* v. *Hyde*, 4 Cowen, 567.) The plaintiff is authorized to show that the judgment was taken as collateral security, and for what purpose it was received, whatever may be its form or recitals. (*Truscott* v. *King*, 6 N. Y. 147; *Horn* v. *Keteltas*, 46 id. 608; *Tibbs* v. *Morris*, 44 Barb. 138.)

DANFORTH, J. The order for the arrest of John B. Bland, one of the defendants, was granted upon the ground that the defendant had wrongfully taken and converted certain personal property of the plaintiff. The affidavits on which the order was granted were to the effect that the goods had been intrusted to Susan Bland, upon her agreement that she, with the aid of her husband John B. Bland, would sell them for the plaintiff and account for the proceeds; that instead of doing so, they had secreted and taken them away. A case was made out, authorizing the order, and although, upon the motion to vacate it, the facts on which it rested were denied, we should find in such denial no ground for interfering, except for the circumstance next to be considered. After the goods had gone into the possession of the defendant Susan, the plaintiff accepted from her a confession of judgment for the whole value thereof, and after the facts now alleged to show conversion of the property were known to him, he issued an execution for its enforcement, and collected about $400, part thereof. The statement upon which the judgment was entered, described the property now in question, declares that it was "sold and delivered" to the defendant Susan, and that for its value, $3,000, "she is indebted to the plaintiff." It is true that the plaintiff, in opposing this motion, declares that the judgment was taken as security merely. But this is not only in direct opposition to the statement, but the judgment has been, as before observed, enforced by him to some extent, and no proceedings have been taken to amend or correct the statement upon which the judgment was entered. Under these circumstances, I think it should be held conclusive against the plaintiff as to the fact in issue; otherwise a means would be provided

by which the statute (Code of Civ. Proc., title 11, §§ 1273, 1274), permitting judgments to be taken by confession, could be easily evaded, and a door opened to the perpetration of the grossest frauds.

The plaintiff, by accepting the judgment and taking out and enforcing his execution, must be deemed to have made his election to treat the goods as the property of the defendant, under a sale by himself (*Morris* v. *Rexford*, 18 N. Y. 557; *Bank of Beloit* v. *Beale*, 34 id. 477), and he cannot now change his ground.

The order appealed from should be reversed, and motion to vacate the order of arrest granted, with costs.

All concur.

Ordered accordingly.