## DETERMINED IN THE

# SECOND DEPARTMENT,

### AT

# GENERAL TERM,

## February, 1884.

SAMUEL A. AVILA, Respondent, *v.* THE MANHATTAN CHEMICAL COMPANY OF NEW YORK, Appellant.

*Election — effect of the affirmance by a principal of an unauthorized sale by his agent — he cannot thereafter take the goods from the vendee.*

A receiver appointed by this court placed a quantity of white lead held by him in the hands of Lockwood & McClintock for sale. February 19, 1881, the action in which he was appointed was settled and the property, or its proceeds, was transferred to the Brooklyn White Lead Company. On February eighteenth McClintock & Lockwood had sold some seventy-four casks of the lead to the defendant. Thereafter the Brooklyn White Lead Company brought an action and had this sale set aside as fraudulent. Subsequently the plaintiff in the present action, as the assignee of the Brooklyn White Lead Company, brought an action against McClintock & Lockwood and recovered a judgment against them for the proceeds of the said lead so sold to the defendant. There after he demanded the lead of the defendant, and upon its refusal to deliver it he brought this action to recover its value.

*Held,* that the plaintiff by bringing his action against the brokers to recover the proceeds of the sale ratified the said sale and could not thereafter reclaim the white lead from the vendee.

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

This is an action for an alleged conversion by the defendant of seventy-four casks, 48,862 pounds, of sugar of lead; the property of plaintiff's assignor.

It appeared that Messrs. Lockwood & McClintock were employed

by one Marcellus Massey, a receiver appointed by this court, to sell a quantity of sugar of lead held by him as such receiver. The action in which the receiver was appointed was settled, and the property in the hands of the receiver or its proceeds were transferred by the receiver to the Brooklyn White Lead Company on the 19th of February, 1881.

On the 18th day of February, 1881, the seventy-four casks had been sold by Lockwood & McClintock to defendant. This sale was repudiated by the Brooklyn White Lead Company on the ground of the fraud of the defendant, and they brought an action to rescind the sale and recovered a judgment rescinding it on November 7, 1881.

Thereafter, the plaintiff, as the assignor of the Brooklyn White Lead Company brought an action against William Lockwood and Emory W. McClintock to recover the proceeds of the sale, to the defendant, of the sugar of lead mentioned in the complaint, and recovered judgment therein against said Lockwood & McClintock in the sum of $7,408.48, on June 26, 1882, which judgment is still in full force and effect.

It was adjudged in that action that the said Lockwood & McClintock had received from the defendant for the said sugar of lead the sum of $7,598.88 as the proceeds of the sale thereof to defendant.

The defendant contended that such action against Lockwood and McClintock, and its prosecution to judgment, was the election of a remedy inconsistent with the present action and prevented its prosecution.

*Kelly & McRae*, for the appellant.

*William N. Dykman*, for the respondent.

Barnard, P. J.:

It is true that a party may have as many separate actions for a trespass as there are trespasses and receive one satisfaction. The title to the property remained in the owner until satisfaction, and that transferred the title by operation of law. The present case does not fall within this principle. In February, 1881, the plaintiff's assignor owned the property in question. It was then in the possession of Lockwood & McClintock, brokers. These brokers fraudulently sold the property to the defendant, and in September of the same year the sale was judicially declared fraudulent and

void and that the plaintiff's assignor had the right to the possession thereof. In November following this judgment of September, 1881, the plaintiff brought an action against the brokers for that "the defendants (the brokers) as agents and brokers of the Brooklyn White Lead Company, a domestic corporation, in the course of their employment and in their fiduciary capacity as such agents and brokers received and had to the use of the said Brooklyn White Lead Company, seventy-six hundred dollars, which money belonged and was due to said company." The plaintiff thus adopted the illegal sale, which he had the right to do, and recovered a judgment against the brokers for the proceeds of the sale. The plaintiff, as the assignor of the white lead company, could either adopt the sale or reclaim the goods. The authorities seem to hold that he cannot do both. In *Bank of Beloit* v. *Beale* (34 N. Y., 473) it was held that after an action against one Sherwood, for moneys fraudulently misappropriated, it was too late to follow the property. That case is not decisive, because an execution was issued against Sherwood's person and he was arrested. Under the cases this was a satisfaction. In *Morris* v. *Rexford* (18 N. Y., 552) it was held that when a fraudulent sale had been disaffirmed it barred an action for the price. In *Rodermund* v. *Clark* (46 N. Y., 354) it was held that any decisive act of the party, with knowledge of his rights, determines his election; to the same effect is held by *Taussig* v. *Hart* (49 N. Y., 301). In *Fields* v. *Bland* (81 N. Y., 239) there was an execution issued and collected in part, but no particular stress is laid upon that fact. The judgment against a wrong-doer for "goods sold and delivered" was held conclusive against the plaintiff in his action against a joint wrong-doer. In the present case the action against the brokers was begun after full knowledge of all the facts. The sale to the defendant was ratified by plaintiff and he recovered a judgment against them for money received as the brokers of his assignor. It is too late to pursue the property. The two remedies are entirely inconsistent.

The judgment should therefore be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.