SILAS L. BOWLES, Respondent, v. DANIEL H. ABRAHAMS *et al.*, Appellants.

St. Louis Court of Appeals, January 21, 1896.

1. **Damage Feasant**: EFFECT OF STATUTORY APPRAISEMENT. When the statutory appraisement of the damage done by animals running at large contrary to the provisions of article 2 of chapter 5 of the Revised Statutes is made in the absence of, and without notice to, the injured person, he is not bound thereby.

2. ——: ——: ENTRY OF JUDGMENT ON APPRAISEMENT. There is no warrant for the entry of judgment on the appraisement on the refusal of the injured person to accept the latter; and such judgment, if thus entered, will have no efficacy.

3. ——: ——: RIGHT TO RESORT TO ACTION AT LAW: ELECTION OF REMEDY. The taker of animals running at large in contravention of the statute may resort to an action at law for the recovery of his damages, since the statute does not purport to furnish an exclusive remedy. Nor will the mere fact, that he has already set proceedings under the statute in motion, deprive him of his right to invoke the concurrent remedy by action.

4. ——: ——. *Semble*, that the general purpose of the statute in its provision for an appraisement is merely to fix *prima facie* the amount of the damage, to the end that the owner may be entitled to retake the animals on payment thereof, and that the taker may treat the animals as strays on nonpayment.

*Appeal from the Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*George Robertson* and *Ball & Ball* for appellants.

*Barker & Shackelford* for respondent.

ROMBAUER, P. J.—This case involves the construction of article 2, chapter 5, of the Revised Statutes of 1889, which provides for the restraint of animals running at large in counties where the provisions of the law have been adopted. Touching the facts there is no controversy, and they may be summarized as follows: The provisions of the law were in force in Montgomery county at the date of the grievance complained of. The defendant's cattle trespassed on plaintiff's field in said county, and he took them up and notified the defendants that he was damaged thereby in the sum of $19.50, and would hold the cattle until such damages were paid to him. The defendants called for the cattle, but could not agree with the plaintiff on the amount of damages. They thereupon went before a justice of the peace, and had three appraisers appointed without any notice to the plaintiff. The appraisers met and assessed the plaintiff's damages at $3.50. This appraisement was made in plaintiff's absence, and without any notice to him. The defendant thereupon tendered to the plaintiff the amount awarded, but he refused to receive it. The appraisers made a report to the justice, and he entered judgment in plaintiff's favor for $3.50 and in defendants' favor for the stock. The plaintiff thereupon returned the cattle to the defendants, and sued them for damages in the present

action. Upon a trial before the court the plaintiff
recovered a judgment for $7, from which the defend-
ants appeal.

Upon the trial of the cause the plaintiff gave evi-
dence tending to show the trespass complained of,
and that his damages were in excess of the judgment
rendered. The defendants introduced in evidence the
proceedings before the justice, which are hereinabove
referred to, and claimed, as they do now, that these
proceedings are a bar to the present action. Whether
this contention is correct is the only point for our con-
sideration.

The first section of the statute above referred to
provides that it shall be unlawful for the owner of cer-
tain animals to permit them to run at large outside of
the owner's inclosure, and that, if they are found run-
ning at large, any person may restrain them. Subse-
quent sections of the statute provide how the owner
may regain his cattle by having the damages appraised,
and tendering the amount of the award to the person
who takes up the cattle. These sections nowhere pro-
vide for any notice of the proposed appraisement to
the adversary party, nor do they provide for an entry
of judgment upon the award. The object of these sec-
tions apparently is to fix the quantum of damages in
the first instance, upon the payment of which the
owner may retake his cattle, and upon the nonpayment
of which the taker-up may treat them as strays. In
this case it is shown that the plaintiff had no notice of
the appraisement, and was not present when it was
made, and never assented to the award, and, as there
is no warrant in the statute for the entry of a judgment
upon such award, it is not conceivable on what theory
the justice's judgment on the award can be invoked as
a former adjudication.

The defendants further contend that the plaintiff, having proceeded for an award under the statute, can not subsequently sue for damages for the trespass. It does not appear that the plaintiff did proceed for an award; he simply notified the defendants of his claim. The defendants, and not the plaintiff, caused the appraisers to be appointed. There is, therefore, nothing in the case showing the prior election of the statutory remedy by the plaintiff. Admitting, however, for the sake of argument, that the plaintiff did set the statutory proceeding in motion, it can not be pretended that he pursued it to judgment, and hence he would not be concluded by it. *Anchor Milling Company v. Walsh*, 20 Mo. App. 107; *Enterprise Soap Works v. Sayers*, 51 Mo. App. 310. The successive exercise of inconsistent rights must not be confounded with the successive election of concurrent remedies, because the first exercise of the right in such a case fixes the status of the party, and operates by way of estoppel. That is the principle on which the case of *Nanson v. Jacob*, 93 Mo. 331, rests.

What the law of the state was touching cattle running at large prior to the adoption of the statute is not material, since the first section of the statute makes it unlawful for the owner to permit them to run at large outside of his own inclosure. If the act is unlawful, the party aggrieved has his remedy at common law for damages caused to him by a violation of the law, even if the statute gives him no such remedy, unless the statute in terms purports to give him an exclusive remedy. *Hickman v. City of Kansas*, 120 Mo. 110. The statute in question does not purport to furnish an exclusive remedy for damages caused by trespassing cattle; otherwise, when cattle trespassed on someone's field, and the owner drove them back to his own inclosure before

they were taken up, the party aggrieved would have no remedy at all.

All the judges concurring, the judgment is affirmed.