THE CONNECTICUT BLOWER COMPANY, INC., Plaintiff, *v.* JOHN THATCHER & SON, a Corporation, Defendant.

(Municipal Court of the City of New York, Borough of Brooklyn, First District, March, 1919.)

Judgments — Municipal Court of the city of New York — confession of judgment — when motion to vacate granted.

> A judgment entered by the clerk of the Municipal Court of the city of New York, simply on a so-called confession of judg-ment filed by the defendant who neither entered an appearance nor filed an answer, is irregular, where the formalities of giving notice to plaintiff or securing his consent have not been observed, and such judgment will be vacated and plaintiff's motion for leave to discontinue granted.

MOTION to set aside a judgment entered by the clerk upon a statement of confession filed by the defendant without notice to or consent of the plaintiff, and for leave to discontinue.

Young & Hughes, for plaintiff.

Hirsh, Newman & Reass, for defendant.

BOGENSHUTZ, J.   The plaintiff moves to set aside a judgment entered by the clerk of this court in plaintiff's favor without his consent upon a statement of confession filed by the defendant after the action had been commenced by the service of the summons and complaint.

It appears that the process of the court was served on the defendant on January 17, 1919. The defendant, without the formality of a notice of appearance or answer, on February 1, 1919, filed what is termed a confession of judgment, presumably in conformity with sections 1273–1278, Code Civil Procedure. The only consent indorsed upon it is that of the attorneys

Municipal Court of New York, March, 1919. [Vol. 106.

for the defendant. The clerk, apparently without the observance of any other formalities as to the giving of notice to the plaintiff or securing his consent, entered a judgment, and on the same day the defendant paid the amount of the judgment into court.

The plaintiff claims that this judgment is irregular and should be set aside, and, for other reasons, that he be granted an order of discontinuance.

The practice in this court as to the method of confessing judgment and of the practice and procedure of entering it must conform to that existing in like cases in the Supreme Court. Mun. Ct. Code, § 15; Code Civ. Pro. §§ 1273–1278. A judgment may be taken after the determination of rights of the parties in an action through the medium of the court's process. Code Civ. Pro. chap. 11, tit. 1. In such cases a judgment may be taken after a trial (§§ 1200–1203), or by default (Code Civ. Pro. § 1212), or after an offer and acceptance. Code Civ. Pro. § 738. The only other method by which a judgment may be entered is where it is taken without action (without process). Code Civ. Pro. chap. 11, tit. 2, §§ 1273–1278; *Teel* v. *Yost,* 128 N. Y. 387, 390.

Concededly, an action had been commenced when the defendant filed this so-called confession.

I can find no authority under which the defendant can assert a right to compel the plaintiff to accept and be bound by this judgment, in view of the fact that there is no acceptance on the part of the plaintiff or ratification by way of some affirmative action thereon. See Mun. Ct. Code, § 6, subd. 3; *Fields* v. *Bland,* 81 N. Y. 239; *Trier* v. *Herman,* 115 id. 163; *Rowe* v. *Peckham,* 30 App. Div. 173; *Haggerty* v. *Juday,* 58 Ind. 154.

While the defendant might have availed himself of the medium and advantage of an offer of judgment,

or resorted to a tender and payment into court, he was in no position to demand an entry of a judgment by the clerk without some notice to the plaintiff in order that he might object to any irregularity or insufficiency, or the possibility of infringing upon the rights of other creditors. See Rules of Municipal Court, rule 33.

Motion to vacate and set aside the judgment is granted, and plaintiff is granted leave to discontinue.

Motion granted.