MORRIS LANGSDORF AND ISAAC ROSENSTEIN, Appellants, v. RICHARD R. FIELD et als., INTERPLEADERS, Respondents.

1. *Evidence—Hearsay.*—The statements of one who is a competent witness at the trial are not admissible in evidence. The defendant in an attachment suit is a competent witness upon an interpleader for the property attached.

2. *Sale—Contract—Estoppel.*—A party claiming to be the owner of goods by purchase and delivery, is estopped by the levy of an execution in his favor upon the same goods as the property of the defendant in the execution.

Langsdorf et al. v. Field et als.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action of attachment brought by Langsdorf & Rosenstein against one William Meirand, and certain goods in his possession were levied upon, and Field Bros. claimed them by interpleader. The suit was originally brought before justice Grether, and was appealed to the Law Commissioner's Court, and there tried. On the trial, it was shown that on the afternoon of the 7th day of January, 1861, William B. Field, one of the claimants, with two clerks, went to the store of William Meirand, who was indebted to Field Bros., and took an inventory of the goods in the store. In the inventory, the articles were put down with the prices attached, but the amount thereof was not carried out. These persons remained at the store of Meirand until half past eleven that night, when the whole list was made out, the words "received payment" were written under it, and Meirand signed and delivered it there at his store that night to Field Bros. The inventory was then given to the book-keeper of claimants to extend the amounts, which he did the next day.

The evidence also showed that Meirand lived in the house over and at the rear of the store; that Meirand kept the key of the store and possession of the goods. There was no money paid, either by Field Bros. to Meirand, or Meirand to Field Bros. When the extensions were carried out, it was ascertained that the goods were worth about $200 more than Meirand owed Field Bros.

It was also shown that Field Bros. obtained judgment against Meirand, on which an execution issued on the 8th day of January, 1861, which was levied by order of Field Bros. on the same goods that were included in the inventory made in part the evening previous. In the meantime, the attachment in favor of Langsdorf & Rosenstein was levied on a portion of these same goods; the debt of Meirand to Field Bros. was evidenced by notes on which judgment was rendered. Langsdorf & Rosenstein offered to prove

the statements of Meirand on the morning of January 8th,
at his store, where the goods were, as to the ownership of
the goods.

It was also shown that Meirand sold from this same stock
of goods on the morning of January 8. The statements of
Meirand were objected to by claimants, and the objection
sustained. Plaintiffs also read in evidence a judgment in
favor of Field Bros. and against Meirand, confessed on Jan-
uary 7, 1861, in the St. Louis Circuit Court, for $1,157.83 ;
also, execution on same issued January 8, 1861, and the
sheriff's return thereon ; that the same was levied upon the
stock of goods included in the inventory, and that the sale
was postponed by order of Field Bros. ; also, another alias
execution on the same judgment in which levy was made on
the same goods, and the same sold by the sheriff to Field
Bros.

The court gave the following instructions on behalf of the
interpleaders :

1. If the jury believe from the evidence that Field Bros.,
interpleaders, before the attachment of Langsdorf & Rosen-
stein was levied, bought the entire stock of goods then re-
maining in Mirand's store, including the goods in dispute,
and took possession thereof, and that the consideration of
such sale was the payment of the indebtedness due from
Mirand to Field Bros., then the jury should find for the
interpleaders, although they may also believe from the evi-
dence that the inventory of such stock of goods had not
been completed.

2. Any acts committed by Meirand, or declaration made
by him to others, are no evidence against Field Bros., the
interpleaders, unless authorized or assented by them.

3. Fraud is not to be presumed in this case, but must be
proved by the party alleging it, and the preferment of Field
Bros. to his other creditors, unattended by other circumstan-
ces of fraud, will not authorize the jury to presume that the
sale is fraudulent.

4. On a sale of personal property of the kind in contro-

versy, the purchaser has a reasonable time in which to take the property into his possession; and the jury are to judge what, under the circumstances, is a reasonable time.

To the giving of which the plaintiffs excepted.

The court, on motion of the plaintiffs, instructed the jury as follows, to wit:

1. If the jury believe from the evidence that, after the said bill of sale or inventory was made, the said goods were left in the possession of said Mirand, such possession remaining in him is *prima facie* evidence of a fraudulent sale, and, unless Field Bros. explain to the jury by evidence their reason for leaving said goods in his possession, then said possession becomes absolute evidence of fraud, and plaintiffs cannot recover.

2. In order to support their claim to the property in question, Field Bros., the plaintiffs in the interpleader, must show a sale and delivery of the property to them; and if the jury find from the evidence that any act remained to be done to constitute an absolute sale and delivery, then the plaintiffs cannot recover.

3. A mere contract to sell, without actual delivery of personal property, will not convey a valid title.

Plaintiffs asked the following instructions, which the court refused:

1. If the jury believe from the evidence that an inventory of the goods in the store of Meirand was made out and the prices attached, and that Meirand wrote under the same a receipt for the payment thereof, but that no payment was really made, and that Field Bros. did not cancel either their note against Meirand, nor the judgment obtained against him, but proceeded to make so much of their debt as they could out of the very goods set down in the inventory, or a part of them, and treated them as the goods of said Meirand, then they are bound by their said acts of levying and selling said goods, and cannot claim that they took them under said pretended bill of sale.

A motion for a new trial being overruled, plaintiffs appealed.

*Knox & Smith,* for appellants.

It is a well settled principle of law that the statements of a person in regard to the ownership of personal property, while he is in possession, may be given in evidence as a part of the *res gestæ.* (Thomas v. De Graffenvier, 27 Ala. 652; 19 *id.* 722; 17 Penn. 144; 4 Rich. 560; 26 Me. 107.)

The instruction offered by plaintiffs and refused by the court, embodies the whole law of the case. It should have. been given to the jury for their further enlightenment. The instructions given for the interpleaders assume that the mere bargain to sell is a sale. Had Field Bros. bought these goods, and paid the money for them, the case would have been quite different; but here nothing was paid. They received nothing, they paid Meirand nothing, and there was no delivery. They did not even know the value of the goods; they did not know whether upon a settlement they would have to pay Meirand, or Meirand would have to pay them, to close up the account.

There was no sale, and the court should have instructed the jury that circumstances did not constitute a sale. (McBride v. McClelland, 6 W. & S. p. 94; Nicholson v. Taylor, 7 Casey, Penn. 130; Scott v. Wells, 6 W. & S., Penn. 366; 3 Barr. 50; 1 Casey, 208; 7 *id.* 130.)

*Krum & Decker,* for respondents.

I. The Law Commissioner's Court committed no error in refusing to give the appellants' instruction complained of. The instruction invokes the doctrine of estoppel in favor of a stranger. Estoppels must be mutual; what mutuality would there be. to apply to this pretended estoppel? The doctrine of estoppel is, that where a party does an act, or makes a contract, upon the faith of which another is induced to change his position, the former shall not be allowed to gain-\

say or controvert his former act. (1 Phil. Ev. 453, & notes, & 460 ; 4 Amer. Ed. Con. & H., notes.)

II. The declarations of Meirand, made the day after the sale, and in the absence of Field, were properly excluded by the court. The declarations of a party in possession are admissible only on the ground of declarations against interest. Meirand was a competent witness; he was no party to the issue tried, nor the agent of the party against whom the declaration was offered ; his declarations are inadmissible. (8 Pick. 127 ; 2 Eng. 276 ; 10 Conn. 12; 15 John. 496 ; 4 B. & C. 325 ; 3 C. & P. 179 ; 10 Eng. Com. Law 345 ; 14 *id.* 261.)

WAGNER, Judge, delivered the opinion of the court.

We see no error in the ruling of the court excluding the declaration of Meirand ; for aught that appears, he was a competent witness, and if his evidence was desired he should have been called on to testify. There was no evidence offered on behalf of the interpleaders to show a positive sale and delivery of the goods, though there was some evidence from which the jury might have deduced and inferred such sale, &c. The act of the parties in ordering the sheriff to levy on the goods under the judgment they had obtained against the defendant in the attachment, was a circumstance going strongly to show that there was no sale or delivery of the goods. The sale and the levy were two inconsistent acts. For a party to acquire an absolute title to goods by purchase, and the very next day have them levied upon by execution in his favor as the property of his vendor, is an absurdity.

The last instructions offered by appellants, and refused by the court, should have been given.

The judgment is reversed and the cause remanded. Judge Holmes concurs ; Judge Lovelace absent.