ANCHOR MILLING COMPANY, Appellant, v. MICHAEL WALSH, Respondent.

### St. Louis Court of Appeals, December 22, 1885.

1. REPLEVIN—ATTACHMENT.—The levy of an attachment upon chattels as the defendant's property does not prevent the plaintiff from subsequently seizing the same property, in replevin, as his own.

2. MEASURE OF DAMAGES.—The measure of the defendant's damages

for a seizure of his goods in replevin is the value of the property at the time the damages are assessed, together with the damages caused by the seizure and detention.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Reversed and remanded.*

G. M. STEWART, for the appellant.

A. R. TAYLOR and A. A. PAXSON, for the respondent.

THOMPSON, J., delivered the opinion of the court. ·

This was an action of replevin for certain mules, harness, and wagons. The plaintiff's claim of title depended upon two instruments: 1. A bill of sale intended as a mortgage; 2. A mortgage made by the defendant to certain third persons, and by the latter assigned to the plaintiff. The plaintiff had a verdict and judgment for the property embraced in the second of these instruments, and as to that part of the judgment there is no controversy. In respect of the property mentioned in the bill of sale, the defendant had a verdict and judgment in the usual statutory form, assessing its value at one hundred and seventy-five dollars, and assessing damages for its detention at three hundred dollars.

The appellant raises two questions only:

I.   Whether the plaintiff is estopped from recovering in this action the property embraced in the bill of sale, by reason of the fact that, prior to the commencement of this action, the plaintiff had sued out an attachment against the defendant, and had caused it to be levied upon such property as the property of the defendant. The plaintiff offered to show that this levy had been released prior to the seizure of the property in the present replevin suit; but the court on objection from the defendant, excluded the evidence and the plaintiff excepted. The plaintiff has not preserved this exception by in-

cluding it in his motion for a new trial, and, therefore, we can not consider it. On the other hand, the court excluded evidence tending to show that at the time when the sheriff executed the writ of replevin in the present action, the property taken under it was in his hands under the levy of the attachment. So that the naked question presented under this assignment of error is whether by the mere fact of bringing the attachment suit prior to the bringing of this replevin .suit, and causing the property conveyed in the bill of sale to be levied on in the attachment suit as the defendant's property, the plaintiff is estopped from maintaining this replevin suit. The court instructed the jury that the plaintiff was so estopped. We know of no principle under which this ruling can be upheld. It is sought to vindicate this ruling by the decision in *Langsdorf v. Field* (36 Mo. 440), and *Field v. Langsdorf* (43 Mo. 32).

Those cases are no authority for this position. They were entirely different. The lien of a third party intervened; the court was dealing with his rights, and besides the proposition decided, there is in one respect the converse of the proposition laid down in the instruction here. In that case a merchant owed a debt. He conveyed, or pretended to convey, a lot of goods to his creditor in payment. When the values of the goods were carried out and footed up, it was found that he had conveyed an excessive quantity. Thereupon, the creditor, without releasing the conveyance, took a confession of judgment for his debt from the merchant, and under it levied an execution upon the very same goods. But prior to this levy another creditor levied an attachment upon the goods. It was held, and plainly enough, that this subsequent act of the former creditor in taking the confession of judgment from the merchant, and levying an execution thereunder upon the goods which he had previously pretended to receive in payment of his debt, was totally inconsistent with such previous act. It was an abandonment to his debtor of the goods which had been previously conveyed to the creditor; since it would be absurd to take a con-

fession of judgment for a debt which had been paid, and for the judgment creditor to levy an execution thereunder upon his own property. But here, it is sought to make the prior act work an estoppel against the plaintiff in respect of his subsequent act. There is no element of estoppel in the case. There is no estoppel by record, for the attachment suit has not proceeded to judgment. There is no estoppel *in pais*, for the defendant has not taken such action in consequence of the suing out of the attachment that he will receive detriment in a legal sense from the conduct of the plaintiff in changing his position and pursuing a different remedy. If the rule of the circuit court were generalized, it would amount to this, that a litigant elects his remedy in every case, in the first instance, at his peril. If he finds that he has made a mistake, whether in consequence of erroneous views of law or fact, he has nevertheless estopped himself from retracing his steps. He can not dismiss his suit and institute a new proceeding of a different nature against the same party. But no one supposes that this is the law. It seems, however, to be supposed that there is something peculiar in an attachment suit which proceeds upon an affidavit and a seizure in the first instance of the defendant's property, which takes it out of the ordinary rule that the plaintiff may abandon one action without estopping himself from pursuing any other remedy which he may have against the debtor in respect of the subject matter of such action. We know of no foundation for such a distinction. For this error the judgment must be reversed and the cause remanded.

II. Upon the other question made by the defendant, namely, that the damages are excessive, it is sufficient to say that the cases on which he relies, *Woodburn v. Cogdal* (39 Mo. 222, 228), and *Miller v. Whitson* (40 Mo. 97, 101), and *Hutchins v. Buckner* (3 Mo. App. 594), have been overruled by *Chapman v. Kerr* (80 Mo. 158).

The measure of damages when the defendant prevails in an action of replevin is no longer the value of the property at the time of the seizure under the writ, with

interest to the date of the trial; but it is the value of the goods at the time of the assessment of the damages, together with such damages as the defendant may have sustained by reason of their caption and detention.

The appellant asks us, in case we take the view which we take as to the first assignment of error, to enter judgment here for the plaintiff for all the property taken under the order. We do not understand that we can do this; for this would be to make a verdict for the plaintiff as well as a judgment, which we can not do.

The judgment is reversed and the cause remanded. It is so ordered. All the judges concur.