ABE LAPP ET AL., Appellants, v. JOHN F. RYAN, EXECUTOR, ET AL., Respondents.

St. Louis Court of Appeals, November 23, 1886.

1. CONTRACTS — RESCISSION — VENDOR AND VENDEE.—A vendor must exercise his right of rescission of a contract of sale for fraud on the vendee's part within a reasonable time, and he can not affirm in part and rescind in part.

2. ———— ESTOPPEL.—A vendor who has prosecuted to judgment an attachment against the vendee and his property on the ground of fraud by the vendee in making the purchase, can not assert against another attaching creditor of the vendee that the title to the property never passed to his vendee, and that the sale was rescinded prior to the adverse attachment.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

M. N. SALE and LEE SALE, for the appellants: Alexe having made the purchase by means of fraudulent representations, and without intending to pay for the goods, plaintiffs might within a reasonable time after coming to a knowledge of their rights and of the facts affecting those rights, elect whether to affirm or to rescind the sale. *Cox v. Montgomery*, 36 Ill. 396 ; *Manahan v. Noyes*, 52 N. H. 232. An attaching creditor is not an innocent purchaser for value, but stands in the shoes of the fraudulent vendee, and can assert no other rights than could such vendee. *Goodger v. Finn*, 10 Mo. App. 226 ; *Bidault v. Wales*, 20 Mo. 546 ; *Buffington v. Gerrish*, 15 Mass. 156 ; *Bussing v. Rice*, 2 Cush. 48 ; *Acker v. Campbell*, 23 Wend. 372 ; *Devoe v. Brandt*, 53 N. Y. 462 ; *Field v. Stearns*, 42 Vt. 106. All facts necessary to constitute an estoppel by acts must be proved. *Hammerslough v. Cheatham*, 84 Mo. 13 ; *Bray v. Marshall*, 75 Mo. 327 ; *Noble v. Blount*, 77 Mo. 235.

J. A. ROBERTSON and FRANK M. ESTES, for the respondents : To warrant a recovery, fraud and falsehood should be proved as material facts affecting a sale. *Terry v. Ins. Co.*, 3 Mo. App. 595; *Graham v. Thies*, 46 Ga. 479. If one elects between two inconsistent remedies and the rights of third parties have intervened, he is bound by his election. *Thompson v. Howard*, 31 Mich. 309; *Wetmon v. McDougall*, 32 Mich. 276; *Wild v. Burton*, 49 Mich. 53; *Joslin v. McCown*, 52 N. Y. 90 ; *Anchor Milling Co. v. Walsh*, 20 Mo. App. 107.

THOMPSON, J., delivered the opinion of the court.

This was an action of replevin for two barrels of

whiskey.   On a trial before the court sitting as a jury, a verdict and judgment were rendered for the defendant.

The real contest seems to be between the plaintiffs, who had sold the whiskey to one Frank Alexe, and Venable and Heyman, attaching creditors of Alexe.   Certain undisputed facts, disclosed by the record, show that the plaintiffs were not entitled to recover, and render it unnecessary to state all the questions which have been raised.

The plaintiffs had sold the whiskey on credit to Alexe, and soon thereafter had attached it for their debt as the property of Alexe.   Two days later Venable and Heyman caused an attachment against Alexe to be levied upon it.   Before Venable and Heyman's levy was made, Alexe had undertaken in writing to release his title to the whiskey to the plaintiffs.   They had accepted this release by their attorney, but continued to prosecute their attachment suit and to hold the whiskey under their levy therein.   They were successful as against Alexe in an issue made by a plea in abatement therein, and they recovered a final judgment therein against him. It is true that they dismissed the second count of their petition in the attachment suit, which set up that Alexe was indebted to them in the sum of $203.93, the price of this whiskey.   But this was not done until after the bringing of this replevin suit; nor did they ever release the levy of their attachment upon the two barrels of whiskey for which this replevin suit is prosecuted; as to the other items of indebtedness which they claimed, the levy of their attachment stood, and they recovered judgment.

Upon this state of facts it is apparent that the plaintiffs were not entitled to recover.   It may be conceded, as we held in *Anchor Milling Co. v. Walsh* (20 Mo. App. 107), that if the plaintiffs had dismissed their attachment suit seasonably and before the rights of third parties had supervened, upon discovery that they had brought it improvidently, the mere fact of having brought it would

not have estopped them from maintaining this action of replevin. But the rule must be otherwise where there has been an unreasonable delay in dismissing the attachment suit, and conclusively so where the rights of third parties have supervened.

This conclusion proceeds upon well understood principles. A sale of goods which has been procured through fraud is not void *ab initio*, but is voidable at the election of the vendor. *Oakes v. Turquand*, L. R. 2 H. L. 325; *Lead Mining Co. v. Baynes*, L. R. 2 Exch. 324; *Upton v. Englehart*, 3 Dill. 496; *Farrar v. Walker*, 3 Dill. 506 n; *Reese River Co. v. Smith*, L. R. 4 H. L. 64; affirming s. c., L. R. 2 Eq. 264; L. R. 2 Ch. 604; reversing s. c., 36 L. J. Ch. 385; *State v. Jefferson Turnpike Co.*, 3 Humph. 305; *Mixer's case*, 4 DeG. & J. 575. The contract subsists in full vigor until it is thus avoided. *Reese River Mining Co. v. Smith*, L. R. 4 H. L. 64, 73; *Upton v. Englehart*, 3 Dill. 496. And the party thus defrauded must, as in every other case of contracts procured through fraud, if, he would rescind, make his election within the shortest limit of time which is fairly practicable. *Oakes v. Turquand*, L. R. 2 H. L. 325; *Kent v. Freehold Land Co.*, L. R. 3 Ch. 493; reversing s. c., L. R. 4 Eq. 588; *Stone v. City and County Bank*, 3 C. P. Div. 282. He will not be allowed to affirm and disaffirm at the same time, in the most deliberate manner and with full knowledge of his rights. He can not in this case, at one and the same time sue for the purchase money, attaching the goods as the property of the vendee, for a debt due to him from the vendee which includes the purchase money of the identical goods, and maintain an action of replevin for the goods. In this case the very least that can be said is, that the plaintiffs were bound to stand or fall upon the state of facts existing at the time when this replevin suit was brought. And when this suit was brought, they were prosecuting a suit against their vendee, through whom the defendant in this action claims, for the purchase money of these

very goods, and they were holding the levy of an attachment upon them in the same suit. By these acts they had estopped themselves from rescinding the sale and claiming these goods as their own.

The judgment must be affirmed. It is so ordered, with the concurrence of all the judges.