THE JOHNSON–BRINKMAN COMMISSION COMPANY, Appellant, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, January 16, 1893.

| 52  | 407 |
|-----|-----|
| 126m348 | |

| 52  | 407 |
|-----|-----|
| s72 | 439 |
| s72 | 446 |

| 52  | 407 |
|-----|-----|
| 151m585 | |

| 52  | 407 |
|-----|-----|
| 81  | 280 |

| 52  | 407 |
|-----|-----|
| 95  | 1  44 |
| e95 | 1  45 |

1. Remedies: EFFECT OF ELECTION: SUIT. If plaintiff has an election between inconsistent remedies, as where one action is founded on an affirmance and the other upon a disaffirmance of a voidable sale or contract, any decisive act of affirmance or disaffirmance, if done with knowledge of the facts, determines the legal rights of the parties, once for all; and the institution of a suit is such decisive act.

2. ———: ———: ATTACHMENT: REPLEVIN. Plaintiff sold to Johnson three carloads of wheat to be paid for on delivery, and delivered the same by transferring the bills of lading therefor, and, thereupon, Johnson drew his check in plaintiff's favor for the purchase price, which check was dishonored the same day; and plaintiff on the same day sued Johnson in attachment, garnishing the defendant as his bailee

and attaching in his hands the said wheat, the ground of attachment being that the wheat was not paid for on delivery as contracted. Eight days afterwards, plaintiff dismissed its attachment suit, and brought this action of replevin for the same wheat. *Held,* the attachment suit was an affirmance of the sale, and was inconsistent with the replevin proceeding which was a disaffirmance thereof; and plaintiff's choice to sue in attachment precludes him from pursuing the remedy by replevin.

3. **Sales:** RESCISSION: PROMPT ACTION: SILENCE. If a vendor has been defrauded in the sale of his goods and subsequently comes to the knowledge of such facts as would authorize a rescission, he must act at once, or his silence will be construed as a ratification.

4. **Remedies:** ELECTION FINAL: INJURY: JUDGMENT. An election between inconsistent remedies will be final, and cannot be reconsidered even where no injury has been done by the choice, or would result from setting it aside; nor is it necessary to pursue the chosen remedy to a judgment to make the election final.

5. **Evidence:** ELECTION OF REMEDIES. *Held,* in this case, that plaintiff cannot save itself from the consequences of the election by proving that the attachment suit was hastily brought without deliberate consultation with its attorneys, and with a misconception of its rights and remedies.

6. **Sales:** CASH PAYMENT: REMEDIES. If goods are sold for cash on delivery, then upon default of payment the seller had a clear right to either of the two remedies, to-wit, to affirm the sale and sue in attachment for the purchase money or revoke the sale and sue in replevin for the recovery of the specific articles sold.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

TRANSFERRED TO SUPREME COURT.

THIS is an action of replevin for three carloads of wheat. The Missouri Pacific Railroad Company is only a nominal party, the interested defendant being Albers & Co., of St. Louis. In order to give an understanding of the case, it seems necessary to make the following statement of facts: On the morning of September 1, 1890, the plaintiff commission company contracted with the Imboden Commission Company at

Kansas City, to sell to it the three cars of wheat, and which were to be paid for on delivery. The delivery was made by means of the transfer of the bills of lading which plaintiff commission company held; and when such possession was thus delivered the Imboden Company gave to plaintiff its check on the Central Bank of Kansas City for the amount of the purchase. This check however was not paid when presented, and the plaintiff forthwith (on said September 1) instituted an action against the Imboden Company for goods sold and delivered; and in aid thereof sued out a writ of attachment, the grounds thereof, as alleged in the affidavit, being "that the debtor had failed to pay the price or value of the article delivered, which by contract it was bound to pay on delivery." When this attachment was sued out the cars of wheat in controversy were still in the defendant's freight yards at Kansas City, and the sheriff under the directions of the plaintiff levied on the wheat by garnishing the railroad company. This all occurred on the first day of September, 1890.

On the ninth day of September plaintiff dismissed its attachment suit against the Imboden Company, and at once brought this action of replevin, wherein it claimed to be the owner and entitled to the possession of the same three cars of wheat which it had formerly caused to be levied on as the property of the Imboden Company.

In order to account for the alleged interest of Albers & Co., it is proper to say, that when the Imboden Company got possession of the wheat it was billed to Albers & Co., at St. Louis; and along with the bill of lading the Imboden Company drew its draft on said consignees for the amount they were to pay for the wheat, and the said draft was passed through the banks and collected of Albers & Co. at their office in St. Louis. It is contended however by the plaintiff (and

for the purposes of this case we will concede it) that before Albers & Co. paid the Imboden draft they were informed of plaintiff's claim, and were not, therefore, innocent purchasers.

On the trial below, the jury was peremptorily instructed to find for the defendant; and from a verdict and judgment in accordance therewith plaintiff has appealed.

*Lathrop, Morrow & Fox*, for appellant.

(1)  The court erred in ruling, as a matter of law, that the mere act of bringing an attachment suit was a conclusive election between inconsistent remedies and was a complete bar to this action.   There can scarcely be any question about this proposition unless this court shall feel in duty bound to overturn the rule established by the St. Louis Court of Appeals in the cases of *Milling Co. v. Walsh*, 20 Mo. App. 107, and *Lapp v. Ryan.* 23 Mo. App. 436; *Foundry Co. v. Hersee*, 33 Hun, 169, 176; *Butler v. Hildreth*, 5 Met. 49.   (2)   It seems to us too plain for argument, that, before the plaintiff can be put to his election, he must have an opportunity to acquire knowledge of the facts, upon which the availability of the remedy depends.   To require a vendor to say he will affirm sale and rely upon the personal responsibility of the vendee, or that he will rescind the sale and take back the goods, without a knowledge on his part as to whether the goods are still in the possession of the vendee, or transferred to an innocent person, is a proposition, the statement of which is its own refutation.   *Mining Co. v. Mining Co.*, 7 Fed. Rep. 401, 424.   The rule is thus stated in *Bunch v. Grave*, 12 N. E. Rep. 517; Bigelow on Estoppel [2 Ed.] 503; *Nanson v. Jacob*, 93 Mo. 331.   (3)   The defendant at the trial relied upon the authority of *Bach v.*

*Tuch,* 26 N. E. Rep. 1019. That was a case where the contract for the sale of goods was tainted with fraud. The plaintiff, with full knowledge of the fraud, brought his attachment suit and then dismissed it and brought replevin; the court held he could not recover in the latter action, the former action being a conclusive election [of remedies. The principle of that case is easily distinguished from the one at bar. (4) We quote the syllabus of a long case, as follows: "The acts of a party, bound to elect between two inconsistent rights, in order to constitute election, must imply a knowledge of the rights and an intention to elect." *Dillon v. Parker,* 1 Swanston's Chancery Reports, pp. 369, 378, *et seq.; Spread v. Morgan,* 11 H. of L. Cases, 588, 602; *Bank v. Beale,* 34 N. Y. 473; *Kennedy v. Thorp,* 51 N. Y. 176; *Rodermund v. Clark,* 46 N. Y. 354; *Nanson v. Jacob,* 93 Mo. 331, 346.

*Elijah Robinson* and *Jos. S. Laurie,* for respondent.

(1) Plaintiff had the option to ratify or rescind the sale in question; and, having elected to ratify, plaintiff is precluded from maintaining a subsequent action based upon a rescission of such sale. The correctness of the foregoing as an abstract proposition will not, we take it, be disputed. Benjamin on Sales [6 Ed.] secs. 33, 442. Neither can it be denied that "the election to rescind or not to rescind, once made, is final and conclusive." *Pence v. Langdon,* 99 U. S. 578, 582; *Crossman v. Rubber Co.,* 127 N. Y. 34. But the dispute in the case at bar is as to what constitutes such election. Instead of pursuing the discussion of the questions involved in this proposition in our own language, we will cite and quote the following leading cases upon the subject: *Crook v. Bank,* 52 N. W. Rep. (Wis.) 1131; *O'Donald v. Constant,* 82 Ind. 212;

*Connihan v. Thompson*, 111 Mass. 270; *Sanger v. Wood*, 3 Johns. Ch. 416, 421; *Butler v. Hildreth*, 5 Mich. 49; *Terry v. Munger*, 121 N. Y. 161; *Lehman, Durr & Co. v. Van Winkle & Co.*, 92 Ala.; *Conrow v. Little*, 115 N. Y. 387, 393; *Bach v. Tuch*, 126 N. Y. 54; *Crossman v. Rubber Co.*, 127 N. Y. 34; *Thompson v. Fuller*, 16 N. Y. S. 486; *Fowler v. Bank*, 113 N. Y. 450; *Foundry Co. v. Hersee*, 103 N. Y. 25; *Acer v. Hotchkiss*, 97 N. Y. 395; *Moller v. Luska*, 87 N. Y. 166; *Morris v. Rexford*, 18 N. Y. 552; *Nield v. Burton*, 49 Mich. 53; *Thompson v. Howard*, 31 Mich. 304; *Arnold v. Hagerman*, 45 N. J. Eq. 186; *Carter v. Smith*, 23 Wis. 497; *Wheeler v. Dunn*, 13 Col. 428; *McLean v. Clapp*, 141 U. S. 429; 1 Am. St. Rep. 625–9; 10 Am. St. Rep. 479–94; 15 L. R. A. 89; Bigelow on Estoppel [5 Ed.] pp. 673–679; Herman on Estoppel, secs. 1039, 1043–5, 1051–2; *Taylor v. Short*, 107 Mo. 384; *Nanson v. Jacob*, 93 Mo. 331, 345. (2) It is proper, in concluding our discussion of this branch of the case, to refer to *Milling Co. v. Walsh*, 20. Mo. App. 107, and *Lapp v. Ryan*, 23 Mo. App. 436, two decisions by Judge THOMPSON of the St. Louis Court of Appeals, cited by appellant. Counsel insist that said decisions announce the rule that an attachment suit by the injured vendor to recover the purchase price does not constitute an election of remedies so as to bar replevin for the same property, provided the attachment is dismissed prior to bringing replevin. We do not agree with counsel in their construction of said decisions, but we have not space or time to analyze the same at present and will take occasion to do so upon the oral argument of this cause. Suffice it to say here, that, conceding counsel's version of said cases to be correct, yet they are directly contrary to the great weight of authority in the courts of last resort of other jurisdictions, and, besides, are practically overruled by subsequent decisions of the supreme court of

this state, cited *supra*. Such was the view adopted on the trial of this cause by his honor, Judge HENRY, after careful consideration. (3) The verdict is for the right party, and the judgment should, therefore, be affirmed. "Where upon the whole record the judgment is manifestly for the right party, it will not be reversed, though some errors may have intervened." *Phillips v. Bachelder*, 47 Mo. App. 52.

GILL, J.—I. From the foregoing statement it will be seen that, on September 1, 1890, the plaintiff sold this wheat to the Imboden Company, and that the purchaser failed to pay therefor on delivery as was agreed; that, thereupon, plaintiff sued the Imboden Company for the purchase price and attached the same and other property. Eight days thereafter (that is, September 9) the plaintiff dismissed the attachment suit, and brought this action in replevin for the recovery of the same goods.

Under these circumstances the circuit court held that the institution of the attachment suit on September 1, and levy on the wheat by plaintiff's direction, amounted to an irrevocable election to confirm the sale to the Imboden Company, and, therefore, precluded a subsequent resort to this action to reclaim the same. That ruling, whether correct or not, is the matter for our determination.

The decision of the trial court was, as we think, clearly within the law, and its judgment will be affirmed. We find in a case from Massachusetts the law thus fairly and correctly stated: "The defense of waiver by election arises when the remedies are inconsistent; as when one action is founded on an affirmance, and the other upon a disaffirmance of a voidable contract or sale of property. In such cases any decisive act of affirmance or disaffirmance, if done with knowledge of the facts,

determines the legal rights of the parties, once for all. The institution of a suit is such decisive act; and, if its maintenance necessarily involves an election to affirm or disaffirm a voidable contract or sale, or to rescind one, it is generally held to be a conclusive waiver of inconsistent rights, and thus to defeat any action subsequently brought thereon." *Connihan v. Thompson*, 111 Mass. 272. This doctrine is fully sustained by the decided cases and text-writers. Consult the following, among others: *Crossman v. Rubber Co.*, 127 N. Y. 37; *Bach v. Tuch*, 126 N. Y. 56, *et seq.; Terry v. Munger*, 121 N. Y. 164, *et seq.; Conrow v. Little*, 115 N. Y. 393; *Moller v. Tuska*, 87 N. Y. 166; *Morris v. Rexford*, 18 N. Y. 552–557; *O'Donald v. Constant*, 82 Ind. 212; *Butler v. Hildreth*, 5 Met. (Mass.) 49; *Lehman v. Van Winkle*, 92 Ala. 443; *Thompson v. Howard*, 31 Mich. 309; *Carter v. Smith*, 23 Wis. 499; *McLean v. Clapp*, 141 U. S. 432; *Nanson v. Jacob*, 93 Mo. 331; *Taylor v. Short*, 107 Mo. 384; Bigelow on Estoppel [5 Ed.] ch. 21; 2 Herman on Estoppel, sec. 1045; Benjamin on Sales, sec. 442.

The evidence here unquestionably shows that on the afternoon of September 1 the plaintiff knew all the material facts which gave it the right to rescind the sale to Imboden and reclaim the wheat; for in its attachment affidavit it sets out the very ground that gave it the right to declare the contract off and retake the property. Imboden had agreed to pay for the wheat on delivery, but had failed to do so, and plaintiff, of course, knew it. The plaintiff also knew that the wheat was then equally in the reach of attachment or replevin. And it is quite, too, as certain that the plaintiff then had knowledge of the insolvency of the Imboden Company. The knowledge of this one fact (to-wit, that Imboden had not paid for the wheat on delivery as was agreed) opened to the

plaintiff alternative rights or remedies, that is, to affirm the sale and sue in attachment for the purchase price, or disaffirm the sale and replevin the wheat. These were clearly inconsistent rights or remedies, not concurrent. In the attachment suit for the price of the goods, the plaintiff, in the most formal manner, declared the wheat to be the property of Imboden, and thereby affirmed the contract, but, by the prosecution of the subsequent replevin, the contract of sale was repudiated. Plaintiff had the option to pursue the one or the other course—to affirm or disaffirm—but not the right to pursue *both* remedies. He cannot be allowed to *approbate* and *reprobate* at the same time. Having made a choice (with full knowledge of all the facts), the law will compel the plaintiff to abide by it.

It is well settled that if the vendor has been defrauded in the sale of his goods, and subsequently comes to the knowledge of such facts as would authorize a rescission, he must act at once on the discovery of the facts. His *silence* even will be construed a ratification or affirmance. How much more, then, should it be regarded as a ratification if the vendor, with a knowledge of the facts, sue for the contract price and levy an attachment on the identical goods sold. "This," says Judge SHAW, in *Butler v. Hildreth, supra,* "is a significant act, an unequivocal assertion that he does not impeach the sale, but, by necessary implication, affirms it." "Where a party takes legal steps to enforce a contract, this is a conclusive election not to rescind on account of anything then known to him." *Conrow v. Little, supra.*

But it seems contended that plaintiff should not be barred of this action, since it is not shown that anyone was harmed by the subsequent repudiation of a former election. But, as said by Judge PECKHAM, in *Terry v. Munger, supra:* "When it becomes necessary

to choose between inconsistent rights and remedies, the election will be final, and cannot be reconsidered, even where no injury has been done by the choice, or would result from setting it aside." To same effect see also 2 Herman on Estoppel, sec. 1045. The rule we are seeking here to enforce is not, correctly speaking, grounded upon equitable estoppel. It is upon the principle that the plaintiff, by its own free act and choice, decided to sell the property, and, having done so, it necessarily follows that it has no right to replevin the same. Nor is it necessary that the former action should have been prosecuted to judgment before a conclusive election can be claimed. *Terry v. Munger, supra.*

At the trial below the plaintiff sought to save itself from the consequences of its election of remedies thus adopted by an attempt to prove that the attachment suit was hastily brought, and without deliberate consultation with its attorneys; that its manager, who directed the bringing of the attachment, did not understand his legal rights, and that he misconceived his remedy, etc. The court properly declined any such excuse. In addition to the application of the maxim, *Ignorantia legis neminem excusat,* the facts are such that plaintiff ought not to be heard to make such a claim. Johnson (the plaintiff company's manager) went on September 1 to his lawyer's office, complaining that the Imboden Company had the possession of wheat which it had bought and agreed to pay for on delivery, but had not done so, and ordered attachment papers prepared. All the facts necessary to a complete understanding of the case were then before the attorney and his client, and they, deliberately, though in some haste, brought the suit. And, more than this, eight days were permitted to run before any change in the remedy was sought; and during this eight days (to-wit,

on September 4 and September 8) plaintiff gave orders to and did release certain other goods from the attachment levy, showing that during the eight days, and until the ninth, it was in the mind of the plaintiff to prosecute the action by attachment for the purchase money. But both actions, it would seem, were equally available, if not equally effective. As said by defendant's counsel, if the wheat was sold for cash on delivery, then, upon default of payment the seller had a clear right to either of the two remedies, to-wit: To affirm the sale and sue in attachment for the purchase money, or revoke the sale and sue in replevin for the recovery of the specific article sold.

We hold, then, with the trial court, that the plaintiff, in the case at bar, had the option to ratify or rescind the sale in question, and, having elected to ratify, with knowledge of the material facts, plaintiff is precluded from maintaining this subsequent action of replevin, which was based on a rescission of the sale. It was the institution of the attachment suit which settled for all time the character of the transaction, and it was wholly immaterial whether that suit was prosecuted to judgment or dismissed beforehand; the legal effect was the same.

We understand ourselves to be in accord with an overwhelming weight of authority, as shown by the numerous cases heretofore cited, but in conflict with the St. Louis Court of Appeals in *Anchor Milling Co. v. Walsh*, 20 Mo. App. 107, and *Lapp v. Ryan*, 23 Mo. App. 436.

Complying then with the mandate of the constitution, we order the transfer of this cause to the supreme court. All concur.