THOMAS N. WELSH, Appellant, v. JAMES N. CAR-DER, Respondent.

**Kansas City Court of Appeals, April 7, 1902.**

Trial Practice: INCONSISTENT REMEDIES: ELECTION: ESTOPPEL. Plaintiff left in pledge with W a note made by P secured by chattel mortgage on certain property of which the defendant subsequently became the owner. Afterward plaintiff sued W for conversion of the note and recovered judgment for a balance after certain credits were allowed. Subsequently he brought this action in replevin to recover the mortgaged property. *Held*, he can not maintain this action having elected another remedy inconsistent therewith. (Cases discussed.)

Appeal from Schuyler Circuit Court.—*Hon. Nat M. Shelton*, Judge.

AFFIRMED.

*Higbee & Mills* for appellant.

(1) The court erred in admitting in evidence the statements filed with justice Guffey and the judgment of said justice in the case of Thomas N. Welsh v. J. M. Warnick for the conversion of the note read in evidence. It was agreed at the time these were offered in evidence the judgment remains wholly unsatisfied. The great weight of the modern cases in this country as well as in England is to the effect that a judgment in trover without satisfaction does not vest title to the property in the defendant. The judgment is merely an

assessment of the value of the property; title passes only on payment of the judgment. Lovejoy v. Murry, 3 Wall 1, by MILLER, J., reviewing the cases. 26 Am. and Eng. Ency. Law (1 Ed.), 815, 816, and cases cited in note 1; Page v. Freeman, 19 Mo. 421; Mitchell v. Shaw, 53 Mo. App. 652; Laughlin v. Barnes, 76 Mo. App. 258; Tollman Co. v. Waite, 119 Mich. 341; s. c., 78 N. W. 124; Haas v. Sackett, 41 N. W. 237; Smith v. So Rill, 54 S. W. 38; Clark v. Cullen, 44 S. W. 204; Cooley on Torts (1 Ed.), 458 (2 Ed.), 537; Miller v. Hide, 161 Mass. 472; s. c., 25 L. R. A. 42, where election of remedies is discussed; Thayer v. Manley, 73 N. Y. 305.

*Smoot, Fogle & Eason* for respondent.

(1.) It is well-settled law that when Welsh had the right to pursue one of inconsistent remedies and he made his election and instituted his suit, and prosecuted it to final judgment, he can not thereafter pursue another one of such remedies. Nanson v. Jacob, 93 Mo. 331; Estes v. Reynolds, 75 Mo. 563; Stoller v. Coates, 88 Mo. 514; Johnson-Brinkman Com. Co. v. Railroad, 126 Mo. 344; Enterprise Soap Works v. Sayers, 51 Mo. App. 310; Bowles v. Abrahams, 65 Mo. App. 13; Trimble v. Banks, 71 Mo. App. 485; Lapp v. Ryan, 23 Mo. App. 436; Laughlin v. B. & P., 76 Mo. App. 264; Bradley v. Bingham, 149 Mass. 141; Farewell v. Myers, 59 Mich. 179; Ewing v. Cook, 85 Tenn. 332; Bank v. Beal, 34 N. Y. 473; Field v. Bland, 81 N. Y. 239; 46 Hum. 129; 23 Wis. 497; 13 Col. 428; 36 Minn. 1; 113 N. Y. 450; 82 Ind. 212; Wiggins Ferry Co. v. Railroad, 142 U. S. 396. (2) After a suit for conversion of securities and a recovery in such action, the pledger can not maintain an action to recover possession of the securities. He has made an election of his remedies and is bound by such election. Jones on Pledges and Col. Sec. (2 Ed.), p. 662; Campbell v. Par-

ker, 9 N. Y. 322; Lucky v. Gannon, 37 How. Pr. (N. Y.) 134; Decker v. Martin, 12 N. Y. 313; 25 Md. 269. (3) When Warnick sold the note pledged to him by Welsh to secure the $25 debt, Welsh had four remedies. His election and recovery in one is final. Gilchrist v. Bale, 34 Am. Dec. 469.

BROADDUS, J.—This is an action of replevin for the possession of certain personal property which the plaintiff claims as mortgagee by virtue of a certain mortgage executed by J. S. and S. T. Payne on the fourteenth day of January, 1901, and duly recorded. The mortgage was given to secure two promissory notes for $75 each, one due in six and the other due in twelve months, with a provision for attorney's fees. The contest arose over the payment of the note due in six months. The defendant set up two defenses against the plaintiff's right to recover. On the first, the court found against him; and as no complaint is made to the action of the court in that respect, we will confine our consideration to the action of the court on defendant's second defense, which was in his favor. Said defense is as follows:

"That defendant has since been informed and avers the fact to be that plaintiff had deposited said note with one J. M. Warnick, this being the first note secured by said chattel mortgage; that said note was deposited as collateral security; that said Warnick afterwards sold and transferred said note to Paynes, the payors therein; that after said Warnick had assigned said note, plaintiff instituted a suit before one Jesse Guffey, a justice of the peace of Putnam county, claiming that said Warnick had converted said note by transferring it to said Paynes and claimed judgment for balance due on said note and judgment was duly rendered against said Warnick for $50 and costs, being balance due on said note," etc.

Defendant claimed that by so electing to sue said

Warnick, plaintiff elected to affirm the conversion of said note, and that he was thereby estopped from recovery against defendant in this action.  It appears from the statement of the parties that Warnick had sold plaintiff a cow for $25, and that plaintiff had transferred to Warnick the two notes in controversy as collateral security for payment of said sum; that afterwards the Paynes paid one of said notes to plaintiff, and that at the time judgment was rendered for plaintiff in said cause in the justice's court, Warnick got credit for the $25, the price of the cow, and the judgment was for the balance of the note in the sum of $50, which has not been paid.    The defendant purchased the mortgaged property in dispute from the Paynes.

The plaintiff appealed from the action of the court in its finding against him on said second defense.   The ground upon which the trial court founded its action was that the plaintiff, by electing as between one of two inconsistent remedies, is estopped from asserting the other.   Or, in other words, by suing Warnick for the conversion, he affirmed the transaction as to the sale of said notes and thereby lost his remedy of replevin for the goods.   The appellant contends that in pursuing his remedy against Warnick he is not estopped from recovery as he has not collected his said judgment; and in support of his said contention we are cited to the case of Lovejoy v. Murry, 3 Wall. (U. S. S. C.) 1, and to Johnson-Brinkman Com. Co. v. Railroad, 126 Mo. 344.   The first case has no application whatever.   In that case the plaintiff was seeking to recover from one joint trespasser after having pursued his remedy against another one of them, without having been able to collect his judgment.   The court therein announced the familiar principle that the plaintiff had the right to pursue his remedy against any one or all of the trespassers until he was compensated for his damages—the remedy being the same and the joint tres-

passers alike being liable for the wrong. The second
case had been certified to the Supreme Court from this
court for the reason that it was in conflict with two de-
cisions of the St. Louis Court of Appeals, viz.: Anchor
Milling Co. v. Walsh, 20 Mo. App. 107, and Lapp v.
Ryan, 23 Mo. App. 436. This court in said case having
held as follows (52 Mo. App. 407):

"If plaintiff has an election between inconsistent
remedies, as where one action is founded on an affirm-
ance and the other upon a disaffirmance of a voidable
sale or contract, any decisive act of affirmance or dis-
affirmance, if done with knowledge of the facts, determ-
ines the legal rights of the parties once for all; and the
institution of a suit is such decisive act." The facts of
this latter case in short were, that the plaintiff had
brought an attachment suit against the vendee, which he
afterwards dismissed and then resorted to his action of
replevin. This court having held that the bringing the
attachment suit with knowledge of the facts was an
election of remedies, and that plaintiff was thereby
estopped from prosecuting his writ of replevin as to
the goods. The facts in Anchor Milling Co. v. Walsh,
supra, were somewhat similar, the plaintiff having in-
stituted an attachment suit which it dismissed and then
instituted a suit in replevin. It was held that it was
not estopped thereby, as the plaintiff had not proceeded
to a judgment, and for that reason it was not an estop-
pel of record. The court then proceeds to argue that
the facts did not show that it was an estoppel *in pais*.

In Lapp v. Ryan, supra, the same principle was
reannounced. And in Johnson-Brinkman v. Railway,
supra, the Supreme Court held that this court was in
error, and took the same view of the law as that held
by the St. Louis Court of Appeals. But the question
again came before this court in Dry Goods Co. v. War-
den, which was certified to the Supreme Court and re-
ported in 151 Mo. 578. This court held, in an opinion
by Judge GILL: "A creditor who has sold goods to an

insolvent merchant can not have his claim for the value of the goods allowed by the assignee, after having repudiated the sale for fraud and replevied and sold the goods, the replevin suit still pending at the time the claim is presented to the assignee. He has his election of two remedies, either to affirm the sale and rely on the allowance of the entire amount by the assignee, or to repudiate the sale and recover the goods in replevin, but he can not have both at the same time." This opinion was upheld by the Supreme Court, and as not in conflict with the rule of law adopted in Johnson-Brinkman v. Railway, supra. While this is true as interpreted by the Supreme Court, both are really in conflict with the reason given in the opinion in the Anchor Milling Co. case, supra, for the conclusions reached therein.

But whatever may be the apparent inconsistent views in the appellate courts of the State upon the question under consideration, they are all in harmony with the theory upon which this case was decided by the trial judge. The plaintiff elected in the first place to sue Warnick for a conversion of the notes held by him in pledge; prosecuted the same to a judgment; and on the trial gave credit for the value of the cow he had purchased from said Warnick. By his action in so doing, he elected to affirm the sale of the notes by Warnick to the Paynes; and under all the authorities he is estopped from prosecuting this action. The cause is affirmed. All concur.