CHRISTIAN STEINBACH, Respondent, v. JAMES MURPHY et al., Appellants.

Springfield Court of Appeals, May 2, 1910.

1. **ELECTION OF REMEDIES: Inconsistent Remedies.** The doctrine of the election of remedies and the pursuit of one remedy which will exclude the pursuit of.another applies only to those cases in which the party has two remedies which are inconsistent with each other, and has no application to a state of facts where the party may have the right to bring more than one suit.

2. ————: **Dismissal of First Suit: Statute of Limitations.** In case a party may have two remedies for the same wrong, then the mere bringing of a suit which is dismissed and not prosecuted to final judgment is not such an election as will prevent the party from afterward pursuing the other remedy; nor does it start the Statute of Limitations to running.

3. **PARTNERSHIP: Remedy of Excluded Partner.** When a partner is wrongfully excluded from a partnership, he may sue at once for an accounting, or he can sue at any time for his interest in the accrued profits, and at a future time, or at the end of the term for which the partnership was to continue, he can again sue for profits that may have accrued since the last suit was brought.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,*
Judge.

AFFIRMED.

*Sapp & Wilson* and *Spencer, Grayston & Spencer* for appellants.

Where a plaintiff has elected one of two remedies for the enforcement of a right, and such action is barred by the statute, he is bound by his election, and cannot·thereafter resort to the other remedy for which a different limitation is provided. 25 Cyc. 999; Garrett v. Conklin, 52 Mo. App. 654; McCormick v. Kaye, 41

Mo. App. 263; Mortimer v. Railroad, 10 Bush (Ky.) 485; Christy v. Farlin, 49 Mich. 319, 13 N. W. 607; Reeves v. Nye, 28 Neb. 571, 44 N. W. 736; Lapham v. Briggs, 27 Vt. 26; Smith v. Newby, 13 Mo. 159; Wells v. Halpin, 59 Mo. 92; Rogers v. Brown, 61 Mo. 187; Moore v. Mining Co., 80 Mo. 86.

*R. A. Mooneyham* and *C. V. Buckley* for respondent.

Where a person has two inconsistent remedies that he may pursue and he selects one and pursues it to a final judgment, he is not permitted afterward to bring another inconsistent one.    Estes v. Reynolds, 75 Mo. 563; Stroller v. Coates, 88 Mo. 514; Nanson v. Jacob, 93 Mo. 331; Johnson v. Railroad, 126 Mo. 344; Johnson, etc., v. Bank, 116 Mo. 558; Soap Works v. Sayers, 51 Mo. App. 310.

COX, J.—Action for an accounting and settlement of partnership, and for recovery of moneys alleged to be due plaintiff thereunder.    Trial by court, judgment for plaintiff for $4747.52, and defendants have appealed. This is a companion case to the case of Beller v. Murphy, et al., 139 Mo. App. 663, 123 S. W. 1029, decided by this court, and the facts in this case are the same as the facts in that case, and the legal questions involved in this case are the same as in that with one addition only.    In this case, the record shows that plaintiff, at one time, brought suit against the same defendants relating to the same subject-matter in the State of Kansas, which was dismissed before final judgment; and appellants in this case insist, as they did in the Beller case, that the statute of limitations has run against this action and that plaintiff's action is barred. This question was decided adversely to this contention in the Beller case, and we adhere to the decision there rendered, but appellants now insist that the bringing

of the suit in Kansas started the statute of limitations to running against this plaintiff, and as authority for this position quote from the case of Beller v. Murphy, supra, in which this court used this language, ". . . we; therefore, conclude that this plaintiff, upon receiving the notice of forfeiture from the Murphys, had two remedies. He could sue at once for an accounting, or he could wait until the expiration of the ten years which the partnership was to continue, and then sue; not having commenced his action until the expiration of the ten years the lease was to run, he has elected to pursue the latter remedy, and, hence, the statute did not begin to run until the lease had expired which was on June 5, 1905."

It will be noticed that in the Beller case the plaintiff took no steps to secure what was due him from the profits of the partnership business until the expiration of the time the partnership was to run. The language used in that case is used in commenting upon the question as to Beller's election, and it was not the intention of this court to be understood as saying in that case that the commencement of a suit which was not prosecuted to final judgment would amount to an election, and thus cut the party off from pursuing any other remedy. In this connection we might call attention to the fact that the doctrine of the election of remedies and the pursuit of one remedy which will exclude the pursuit of another, applies only to those cases in which the party has two remedies which are inconsistent with each other, and has no application to a state of facts where the party may have the right to bring more than one suit, and in this case, as well as in the Beller case, had the plaintiff so elected, he could have sued at any time for his interest in the accrued profits of the partnership, and could, at a future date, have again sued for profits that had accrued since the last suit was brought.

The rule in this State is that when a party has two remedies, the commencement of a suit and its dismissal before final judgment does not amount to such an election as will prevent the party from pursuing the other remedy. This question was raised in the case of the Anchor Milling Co. v. Walsh, 20 Mo. App. 107, in the Saint Louis Court of Appeals which held the doctrine to be as above stated. This case was followed by the same court in the case of Lapp v. Ryan, 23 Mo. App. 436, and these cases were followed by the Supreme Court of this State in the case of Johnson-Brinkman Commission Co. v. Central Bank, 116 Mo. 558, 22 S. W. 813. In the case of Johnson-Brinkman Commission Co. v. The Missouri Pacific Railway Co., 52 Mo. App. 407, the Kansas City Court of Appeals took the contrary view, and certified that case to the Supreme Court for the reason that their decision was in conflict with the Saint Louis Court of Appeals in the two cases above cited. The Supreme Court, in this case, 126 Mo. 344, 28 S. W. 870, reviews the authorities on that question, and while it finds that the authorities are not uniform upon it, yet their conclusion in that case was that the weight of authority sustains the position which we have previously stated that in case a party may have two remedies for the same wrong, then the mere bringing of a suit which is dismissed and not prosecuted to final judgment is not such an election as will prevent the party from afterward pursuing the other remedy, and the doctrine therein announced may now be said to be the settled rule of law in this State upon this question. This being true, our conclusion is in this case that the mere bringing of the suit in the State of Kansas, which was dismissed without being prosecuted to final judgment, was not an election of remedies, and did not start the statute of limitations to running, and, hence this action is not barred for that reason.

As stated before this case is on all fours, and grows out of the same state of facts as the case of Beller v.

Murphy, supra, to which we adhere, and we, therefore, affirm the judgment in this case as we did in that. All concur.